IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO, | Civil Action No. 2: 14-cv-0588 |
| Plaintiff, | |
| v. | United States District Judge<br>Arthur J. Schwab |
| C/O MORAN, et al., | United States Magistrate Judge<br>Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.  Recommendation**

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants (ECF No. 32) be granted. It is further recommended that Plaintiff not be provided leave to amend as it would be futile.

**II.  Report**

   A.  Relevant and Material Facts

Plaintiff, Dwayne Rieco ("Plaintiff" or "Rieco") is a state prisoner committed to the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCI-Pittsburgh").

Rieco initiated this Section 1983 prisoner civil rights action on May 7, 2014. Named as defendants are Hearing Examiner Richard Mackey[1] and the following SCI-Pittsburgh officials: C/O Moran, C/O Smith, C/O Guskiewicz, Sergeant Helsel, Sergeant Roberson, Lt. Lickenfelt,

---

[1] On January 7, 2015, Defendants filed a Suggestion of Death informing the Court and Plaintiff that Defendant Richard Mackey had died. (ECF No. 50.) Plaintiff's motion to substitute was granted on March 25, 2015, and Jerri L. Mackey, the Personal Representative and Administratrix of the Estate of Richard Mackey, was substituted as a party defendant for Defendant Richard Mackey. (ECF No. 62).

1

C/O Elk, Lt. Peer, Lt. Berry, Grievance Coordinator Carol Scire, James Barnacle, Captain Jones, Lt. Berry, Law Librarian Marilyn A. Fusco, and Deputy Woods. Rieco seeks compensatory and punitive damages, as well as "release discharge without delay . . . [and] if not released will ask for immediate separation transfer for safety." Complaint, at ¶ VI (ECF No. 5).

The genesis of the Complaint arises from an incident which occurred on February 15, 2014. On that date, Defendants Moran, Smith, and Guskiewicz allegedly gave Rieco a food tray which not only was broken, but had tampered food on it – specifically, Rieco believes there was urine in his fruit cup and his tofu oat burger had a "hot spicy substance on or in it." *Id.* at ¶ IV(C). Rieco immediately voiced his concern about possible food tampering. Upon return to collect the food tray, Defendant Moran slammed the food aperture down on Plaintiff's arms. Thereafter, Defendant Smith issued Rieco a misconduct (No. B 465879),[2] and Rieco, in turn, filed grievances alleging that on February 15, 2014, he was assaulted (No. 499722) and was served tampered food (No. 501291).

Rieco raises a number of claims in his Complaint, all of which arise from the events of February 15, 2014: (i) food tampering and food deprivation; (ii) physical assault; (iii) verbal threats and retaliation, (iv) fabrication of the misconduct report; (v) improper interference with the grievance process; (vi) improper process involving the grievance / misconduct investigations and hearing; (vii) denial of access to courts by Defendants Fusco, Woods, and Vance; and (vii) denial of medical treatment.[3]

---

[2] Rieco was charged with (i) threatening an employee or their family with bodily harm, (ii) refusing to obey an order, and (iii) destroying, altering, tampering with or damaging property.

[3] This is a succinct and general categorization of Plaintiff's claims. Each claim will be discussed in detail in the Discussion section of this Report and Recommendation.

2

Presently pending is Defendants' motion seeking partial dismissal. The motion seeks dismissal of all claims except the allegation that Defendant Moran used excessive force when the officer intentionally closed the food aperture on Rieco's arms. The motion is ripe for consideration.

B.     Standard Of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein). Additionally, pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although Iqbal describes the

3

process as a "two-pronged approach," it views the case as outlining three steps) (citing Iqbal, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. at 130 (quoting Iqbal, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting Iqbal, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting Iqbal, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America,* 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 251 (3d Cir. 2007).

C. Discussion and Analysis

Defendants argue that Rieco has failed to exhaust both grievances relevant to the issues of this case and thus, his claims are procedurally defaulted. From the record, it appears that Grievance No. 499722 was dismissed as untimely on appeal to the facility manager and that Plaintiff failed to timely appeal Grievance No. 501291. However, given Plaintiff's various claims in which he asserts that he was prevented from timely appealing these grievances, the Court will give Plaintiff the full protection of his rights as a pro se litigant, and go directly to the merits of each of his claims.

1. Food tampering

Rieco alleges that Defendants Moran, Smith, and Guskiewicz knowingly served him contaminated food on February 15, 2014. Prison officials may violate the Eighth Amendment by serving "unsanitary, spoiled or contaminated food" if the prisoner also alleges that he or she suffered a "distinct and palpable injury." *See Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

The Complaint contains no allegation that Rieco ate the contaminated food or that Rieco suffered any ill health effects as a result of the contaminated food or that he suffered any additional risk of harm. For these reasons, it is recommended Rieco's food tampering claims be dismissed for failure to state a claim. It is further recommended that leave to amend be denied as futile.

2. Retaliation and verbal threat

Rieco contends that Defendant Guskiewicz was involved in the food tampering out of retaliation following Rieco's filing of a grievance alleging an assault by Guskiewicz in September of 2013, nearly five (5) months before the alleged food tampering occurred. To

prevail on a retaliation claim under 42 U.S.C. § 1983, Rieco must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him."*Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). Defendants argue, and the Court agrees, that Rieco's retaliation claim fails because he has failed to meet both the second and third elements.

There are no facts in the Complaint which demonstrate that Rieco suffered an "adverse action" because of the filing of his grievance in September 2013. Further, the Court rebuffs Rieco's speculative efforts to infer causation from temporal proximity when approximately five months separated Plaintiff's constitutionally protected activity from Guskiewicz's alleged acts of retaliation.

Rieco also alleges that Guskiewicz made certain offensive comments and threatened him. *See* Complaint at ¶ 3. Even assuming these allegations are true, it is well established that the use of words, no matter how violent, vulgar, or unprofessional, is not actionable under 42 U.S.C. § 1983. *Dunbar v. Barone,* 487 F. App'x 72, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment"). There is no assertion in the Complaint that any of these purported comments were accompanied by any injurious or physical actions of any kind. Consequently, the Court finds that the Complaint fails to state a cognizable claim.

Therefore, it is recommended that Rieco's claims against Defendant Guskiewicz be dismissed and leave to amend be denied as futile.

3. False misconduct report

According to the Complaint, Defendant Smith fabricated Misconduct Report No. 465879 and Defendant Peer falsified his statement that he had investigated the incident. It is well settled that a claim that a misconduct report was false, standing alone, does not violate a prisoner's constitutional rights, so long as procedural due process protections were provided. *Richardson v. Sherrer*, 344 F. App'x 755, 757–58 (3d Cir. 2007); *Booth v. Pence*, 141 F. App'x 66 (3d Cir. 2005); *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002).

While Rieco disputes that he was provided with due process, the Complaint and documents attached thereto clearly demonstrate that he was afforded an opportunity to participate in the misconduct hearing, but that he voluntarily waived his right to attend. Rieco was sanctioned, in absentia, to thirty days of disciplinary custody. For these reasons, it is recommended that the claims against Defendants Smith and Peer be dismissed and leave to amend be denied as futile.[4]

4. Deprivation of Food

Rieco claims that Defendant Helsel failed to provide him with a replacement food tray on February 15, 2014. Our Court of Appeals has recognized that "only a <u>substantial</u> deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor,* 327 F. App'x 319, 321 (3d Cir. 2009) (emphasis added). Deprivation of a single meal is simply not of such magnitude as to rise to the level of an Eighth Amendment violation. Accordingly, it is

---

[4] Rieco also complains that Defendant Elk provided improper instructions to CO Mitchell about taping the misconduct report to Plaintiff's cell door. This is not a cognizable constitutional claim as the issue pertains to a state administrative procedural rule not within the purview of a § 1983 claim. Accordingly, it is recommended that any claims against Defendant Elk be dismissed.

7

recommended that Rieco's food deprivation claim be dismissed and leave to amend be denied as futile.

5. Failing to call security and acting in bad faith during investigation

Rieco also claims that Defendant Helsel failed to report the alleged assault to security. However, as the Exhibits to the Complaint reflect, security was contacted and an investigation into Plaintiff's allegations of abuse was conducted. *See* Exhibit 1. The Court finds this claim to be without merit and recommends that it be dismissed and leave to amend be denied as futile.

Rieco claims that Defendant Lickenfelt acted in bad faith in an official investigation when he refused to collect physical and material evidence. Specifically, Rieco wanted Lickenfelt to collect the food evidence and "have it tested for human waste and hot spicy substance." Complaint at ¶ 6. The Court finds this claim to be without merit and recommends that it be dismissed and leave to amend be denied as futile.

Similarly, Rieco's claims against Defendant Berry fail. Rieco admits that he was permitted to call the Office of Special Investigations and Intelligence ("OSII") on February 20, 2014. However, he complains that he was denied permission to call the OSII, a second time when he wanted to report "Defendant Lickenfelt's act of bad faith." Rieco alleges no prejudice or actual injury from being denied permission to make this second call. Therefore, the Court finds that Rieco has failed to state a cognizable claim. It is further recommended that leave to amend be denied as futile.

6. Interference with the grievance process

Rieco alleges that Defendant Scire deprived and/or obstructed him from being able to utilize the grievance process. It is well-established that inmates do not have a constitutionally protected right to a prison grievance system. *Freeman v. Dep't of Corr.*, 447 F. App'x 385, 387

(3d Cir. 2011). Thus, whether Defendant Scire denied Plaintiff the grievance process or obstructed the grievance procedure, by itself, simply does not give rise to a cognizable, independent claim. *See Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Accordingly, the Court recommends that Rieco's claim against Defendant Scire be dismissed and leave to amend be denied as futile.

7. Supervisory claims

Defendants argue that Rieco has failed to allege personal involvement on the part of Supervisory Defendants Barnacle, Jones, and Mackey. The Court agrees and recommends that the claims against these three defendants be dismissed.

According to the Complaint, Defendant Barnacle is "the director who controls all security officials . . ." Other than expressing his dissatisfaction with how the investigation regarding his food tray was conducted, Rieco provides no facts to suggest that Defendant Barnacle had the necessary personal involvement to hold him accountable for any alleged wrongdoing.

Similarly, Rieco alleges that he sent Defendant Jones an inmate request slip regarding Defendant Lickenfelt's failure to collect Plaintiff's food for testing. Sending a request slip to an individual is insufficient for purposes of establishing a Defendant's personal involvement in the alleged wrongdoing. *See Enlow v. Beard,* 2013 WL 5332139, *5 (W.D.Pa. Sept. 23, 2013) (holding that plaintiff has not shown personal involvement on the part of the defendants to whom he allegedly sent inmate request slips informing them of the inappropriate bunk transfer).

Rieco alleges that Defendant Mackey, his hearing examiner, is liable in connection with his review of Plaintiff's misconduct report. Rieco was sanctioned to thirty days of disciplinary custody. Plaintiff's thirty day disciplinary confinement period did not impact a constitutionally

protected liberty interest for which he was entitled to due process protections. Accordingly, Defendant Mackey is subject to dismissal for lack of personal involvement.

It is recommended that all claims against Barnacle, Jones, and Mackey be dismissed and leave to amend be denied as futile.

8. Denial of Access to the Courts

Rieco alleges that Defendants Fusco, Woods, and Vance denied him adequate law library use in violation of his right of access to the courts. Rieco has failed, however, to indicate what injury, if any, he has suffered as a result of this denial. Accordingly, it is recommended that Rieco's access to courts claims be dismissed and leave to amend be denied as futile.

9. Denial of Medical Treatment

Rieco's complaints concerning the denial of medical treatment following the assault with the food aperture are intertwined with his excessive force claim. Whether the lack of immediate medical treatment following this incident violated the Eighth Amendment is properly considered as part of Rieco's excessive force claim. Therefore, Rieco's stand alone claim for denial of medical treatment should be denied and leave to amend be denied as futile.

**III.     Conclusion**

For the reasons stated above, it is respectfully recommended that the partial Motion to Dismiss filed by Defendants (ECF No. 33) be granted and leave to amend be denied as futile. The only claim remaining in this case should be Rieco's claim that on February 15, 2014, he was assaulted by Defendant Moran with a food aperture

It is further recommended that the following defendants be dismissed: Smith, Guskiewicz, Helsel, Roberson, Lickenfelt, Elk, Mackey, Peer, Berry, Scire, Barnacle, Jones, Fusco, Woods, and Vance.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: March 30, 2015                                      s/ Cynthia Reed Eddy
                                                           Cynthia Reed Eddy
                                                           United States Magistrate Judge


cc:     DWAYNE L. RIECO
        HU-2494
        SCI Pittsburgh
        Post Office Box 99991
        Pittsburgh, PA 15233
        (via U.S. First Class Mail)

        Yana L. Warshafsky
        Office of the Attorney General
        (via ECF electronic notification)