# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO, | ) |
| Plaintiff, | ) 14cv0588 |
| | ) **ELECTRONICALLY FILED** |
| v. | ) |
| C/O MORAN, et. al, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, Dwayne L. Rieco ("Plaintiff" or "Rieco"), initiated this case by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on May 7, 2014. The case was thereafter referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules of Court.

On March 30, 2015, the magistrate judge filed a Report and Recommendation ("R&R") (ECF No. 64) recommending that the partial Motion to Dismiss filed by Defendants (ECF No. 32) be granted and leave to amend be denied as futile. Objections to the R&R were to be filed by April 16, 2015. On Friday, April 17, 2015, the Court received from Plaintiff a Motion for Extension of Time to File Objections (ECF No. 66). The following Monday, April 22, 2015, the Court received Plaintiff's "Objections to Report and Recommendation" (ECF No. 67). Although untimely, the Court will consider Plaintiff's objections.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1). Plaintiff's objections are contained in a legible, handwritten,

1

eighteen-page document. The Court has carefully examined *de novo* all claims raised by Plaintiff in his objections and finds that the objections do not merit rejection of the Report and Recommendation or require extended comment by the Court, but finds it necessary to supplement the R&R on a few points.

First, to the extent Rieco is seeking "release discharge without delay" and the initiation of "criminal prosecution" against Defendants, Obj. at pp. 1-2, he cannot seek such relief in this action as neither request is appropriate in a civil rights action under 42 U.S.C. § 1983.

Next, Rieco argues that the magistrate judge misconstrued his food tampering claim and that "the failure to act . . . is the purpose of this Complaint." Obj. at 8. However, a failure to follow DOC policy "is insufficient by itself to support an argument for deliberate indifference." *Bracey v. Pennsylvania Dep't of Corrections,* 571 F. App'x 75, 79 (3d Cir. July 2, 2014) (citing *Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006)).

Rieco, however, also continues to argue that Defendants were deliberately indifferent when they knowingly served him contaminated food on February 15, 2014. A single incident of contaminated food does not rise to the level of an Eighth Amendment violation. The Court finds that the magistrate judge appropriately analyzed the food tampering claim as an Eighth Amendment conditions of confinement claim and appropriately found that the Complaint had failed to state a claim.

Third, Rieco alleges that Defendants' actions constitute double jeopardy "due to the defendants actions being based solely on his conviction of rape." Obj. at 14. The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause only applies to proceedings that

are "essentially criminal" in nature, see *Breed v. Jones,* 421 U.S. 519, 528 (1975), and prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Department of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767 n.1 (1994). Here, the Complaint does not contain sufficient allegations that Defendants' actions in any way constitute criminal punishment.

Finally, the Court finds that the remainder of Plaintiff's objections simply advance the same arguments that he made in response to the Motion to Dismiss. The Court agrees with the magistrate judge in finding that Plaintiff has failed to plead sufficient facts in his Complaint suggesting that (i) that Guskiewicz either retaliated against him or made verbal threats which would give rise to a constitutional claim (Obj. at pp. 13-14); (ii) that his due process rights were violated by either Defendant Elk or Defendant Mackey (Obj. at pp. 12, 14-15); and (iii) that he has been denied access to courts (Obj. at 16-17). Furthermore, the Court agrees that, for the reasons stated in the R&R, the following Defendants should be dismissed with prejudice: Smith, Guskiewicz, Helsel, Roberson, Lickenfelt, Elk, Mackey, Peer, Berry, Scire, Barnacle, Jones, Fusco, Woods, and Vance. Accordingly, Plaintiff's objections are denied and Defendants' partial Motion to Dismiss will be granted.

After *de novo* review of the pleadings and documents in the case, together with the R&R and Objections thereto, the following Order is entered:

**AND NOW**, this 24th day of April, 2015;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants (ECF No. 32) is **GRANTED** and leave to amend is denied as futile.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Objections (ECF No. 66) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the following defendants are dismissed with prejudice: Smith, Guskiewicz, Helsel, Roberson, Lickenfelt, Elk, Mackey, Peer, Berry, Scire, Barnacle, Jones, Fusco, Woods, and Vance.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 64) dated March 30, 2015, is **ADOPTED** as supplemented as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Moran shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4).

**So Ordered**, this 24th day of April, 2015.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel

Dwayne L. Rieco
HU-2494
SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233