IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

    Plaintiff,               14cv0588
                                  **ELECTRONICALLY FILED**
    v.

C/O MORAN, et. al,

    Defendants.

**MEMORANDUM ORDER**

AND NOW, this 30th day of April, 2015, the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (68) is DENIED. Defendants filed a Response in accordance with the Court's text Order (doc. no. 70). The reasons for the denial are set forth at length below.

**I. Preliminary Injunction – Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed.Cir. 1993); see also *Hoxworth v. Blinder, Robinson & Company. Inc.*, 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. *Fink v. Supreme Court of Pennsylvania*, 646 F.Supp. 569, 570 (M.D. Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors

such relief. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010), quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. *Neo Gen Screening, Inc. v. TeleChem Intern., Inc.*, 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. *Id*. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *Hohe v. Casey*, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. *Neo Gen Screening*, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the status quo but … at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

**II. Discussion**

Plaintiff relies upon the United States Supreme Court case of *Farmer v. Brennan,* 511 U.S. 825 (1994), to support his claim that he is entitled to injunctive relief. He relies on a single quote from the *Farmer* case wherein the Supreme Court stated, "'. . . a subjective approach to deliberate indifference does not require a prisoner seeking "a remedy for unsafe conditions [to] await a tragic event [such as an] actua[l] assaul[t] before obtaining relief.'" 511 U.S. at 845, citing *Helling*, 509 U.S. 25, 33-4 (1993). This portion of the *Farmer* opinion is inapplicable here for the following reasons.

The portion of *Farmer* quoted by Plaintiff was excised from a discussion that the Supreme Court provided to address the <u>petitioner's</u> (who was an incarcerated plaintiff in the

3

underlying matter) <u>argument</u> that a subjective deliberate indifference test would unjustly require prisons to suffer actual physical injury. 511 U.S. at 845. The Court held that "[p]etitioner's argument [was] flawed. . ." *Id.* Importantly, the Court in *Farmer* noted that a lawsuit like its own petitioner's, where injunctive relief is sought (like Plaintiff seeks in this case), a plaintiff must first seek to "prevent a substantial risk of serious injury from ripening into actual harm . . . ." *Id.* Here, Plaintiff has not provided any facts from which this or any Court could find that "a substantial risk of serious injury" exists, and thus, he does not meet the threshold requirements for obtaining a preliminary injunction.

Plaintiff's Motion for Preliminary Injunction essentially claims that there three grounds upon which he is entitled to the relief sought. First, he claims that prison officials have tampered with his food by placing something spicy (*i.e.* hot peppers) into his "soy burgers" and "bean burgers." Because of the hot peppers/spice – he has refused to consume the burgers.[1] He claims that the "spiking" of his burgers with hot peppers/spice which leads to his refusal to consume them, could eventually lead to (at the least) a protein deficiency or (at the worst) colon cancer.

This Court disagrees that Plaintiff's alleged food tampering claim rises to the level of a substantial risk of serious injury. Not being able to eat soy and/or bean burgers while incarcerated does not rise to the level of "substantial risk of serious injury." Despite Plaintiff's argument that his inability to consume spicy soy and bean burgers will ultimately lead to life-threatening protein deficiency, there is no evidence that these burgers are his sole source of protein and/or that he will contract colon cancer if he does consume them. The Court has also adopted the Magistrate Judge's Report and Recommendations (see doc. nos. 64 and 65) which

---

[1] Defendant suggests that this hot pepper claim was a claim that Defendant raised more than one year ago and failed to raise it in a previously filed Motion for Preliminary Injunction/TRO, thereby rendering his current claim stale, and incapable of demonstrating immediate and irreparable injury. The Court notes that it has chosen to address the "hot pepper claim" *infra.*, as an on-going claim or issue.

also addressed at least one prior, substantially similar, alleged food tampering incident, and incorporates those findings and conclusions with respect to this food tampering as if more fully set forth herein.

Second, Plaintiff claims that "his legal papers" have been seized and some, allegedly, were never returned. Again, this Court notes that any purported seizure of legal papers has not prevented Plaintiff from being able to file numerous Complaints, Motions, Responses, etc., all of which cite case law in support of whatever argument Plaintiff is advancing or rebuffing. Documents filed by Plaintiff in this case (as well as in other cases he has actively pending before this Court), illustrate his ability to cite to case law, apply it appropriately to the issues he is either advancing or to which he is responding, and he has consistently cited to his own prior legal proceedings and even included deposition transcript excerpts as exhibits to his filings with this Court. Plaintiff further claims that correspondence he has written to outside legal counsel and others have gone unanswered, and thus he concludes that Defendants have "stolen" his mail. However, the refusal of an outside party to respond to Plaintiff's mail is not evidence of any mail seizure, nor has it impeded his ability to advocate on his own behalf. Accordingly, the Court finds his request for injunctive relief of the alleged seizure of his legal papers to be without merit as well.[2]

Third, Defendant requests "release from custody based on double jeopardy of the Fifth Amendment . . . ." Doc. no. 68, p. 9, ¶ 40. Paragraphs 40 through 62 then outline the underlying state prosecution(s) which led to Plaintiff's conviction for rape. These paragraphs weave a

---

[2] In addition, the Court notes that several filings in this matter indicate that because Plaintiff is in a "special needs" ward, he is only given access to one box of legal materials at a time. He is permitted to exchange that box or the contents of that box for another box – or the content of another box containing other legal materials. Again, it appears to this Court, based on Plaintiff's own filings in this case and others, that Plaintiff has been provided access to his own legal materials, as well as legal research materials.

conspiracy theory which relates the rape victim to Defendant's ex-wife and his ex-girlfriend. Simply put, this claim does not form the proper basis for a preliminary injunction proceeding.

Lastly, Plaintiff again claims that he has suffered due to the alleged slamming of his arm(s) with the aperture. This claim has survived Defendants' Motion to Dismiss and will be litigated in due course. See doc nos. 64 and 72. There is no substantial risk of serious injury nor an immediate or irreparable injury in relation to a past incident, and thus, there is no basis upon which this Court may issue a preliminary injunction.

**So Ordered**, this 30th day of April, 2015.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel

Dwayne L. Rieco
HU-2494
SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233