IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

    Plaintiff,                      14cv0588
                                         **ELECTRONICALLY FILED**

    v.

C/O MORAN, et. al,

    Defendants.

**MEMORANDUM ORDER**

AND NOW, this 14th day of May, 2015, the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (88) is **DENIED**. The Court is denying this Motion without a Response from Defendants.

### I. Preliminary Injunction – Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed.Cir. 1993); see also *Hoxworth v. Blinder, Robinson & Company. Inc.*, 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. *Fink v. Supreme Court of Pennsylvania*, 646 F.Supp. 569, 570 (M.D. Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010), quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. *Neo Gen Screening, Inc. v. TeleChem Intern., Inc.*, 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. *Id*. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *Hohe v. Casey*, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. *Neo Gen Screening*, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety

> or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the status quo but … at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

**II. Discussion**

First, the Court set this case for trial which is scheduled to begin on June 16, 2015. Plaintiff's Complaint advanced multiple issues (including the confiscation of his legal papers). All but one issue set forth in Plaintiff's Complaint was dismissed. See doc. nos. 64 and 72. This is now a single-issue trial, with a single Defendant, C/O Moran. The sole remaining issue to be tried is a narrow one – whether C/O Moran forced a food slide closed on Plaintiff's arms.

Prior to the June 16, 2015 trial start date, Plaintiff and Defendant are planning to mediate this matter. During the mediation, Plaintiff will be represented, *pro bono*, by counsel from an attorney at the law firm of Jones Day. In the meantime, both Plaintiff and Defendant continue to prepare for trial.

To that end, on May 11, 2015, Plaintiff filed his witness list and provided an offer of proof for each witness. Doc. no. 83. The Court notes that his witness list was comprehensive,

3

and the offers of proof were full and complete. Based on Plaintiff's witness list and offers, the Court issued a Writ for another inmate, Heriberto Rodriguez, who Plaintiff claims can provide eyewitness testimony of the incident in question. Doc. no. 86. In addition, Plaintiff's witness list (doc. no. 83) also set forth a list of exhibits that Plaintiff may want to use during the trial as evidence in this case. The Court would note that it is incumbent upon Defendant to include the documents Plaintiff set forth in doc. no. 83 on the Joint Exhibit List, which is due to be filed with this Court on May 26, 2015.

Furthermore, on May 13, 2015, the Court also Ordered that Defendant produce the documents described in its Memorandum Order of that same date (see doc. no. 85), and further ordered Defendant to "personally ensure that these documents are actually delivered to Plaintiff on or before May 20, 2015." Doc. no. 85. The Court also ordered that Plaintiff be permitted to review the videotape of the incident in question on or before May 20, 2015, to the extent that Defendant had not already done so. Id.

Given the fact that Plaintiff has supplied a cogent and comprehensive witness list, as well as his exhibit list, the Court believes that Plaintiff is preparing himself well for this trial. Moreover, because the Court has ordered that Defendant ensure that Plaintiff has an opportunity to review the videotape of the incident in question, and obtain copies of certain other, relevant documents relating to the issue to be tried in this case on or before May 20, 2015, the Court believes Plaintiff will be able to add any additional evidence to the Joint Exhibit List by May 26, 2015. It is for these reasons that the Court will primarily deny the Plaintiff's Motion.

Secondarily, Plaintiff has filed numerous lawsuits in the past. The Court notes that on May 13, 2017, Plaintiff filed a twenty-two page document on this docket (14-cv-588) entitled, "Plaintiff's inventory of all legal papers of in cell record box due to illegal seizures by

4

corrections staff/defendants." See doc. no. 87. These twenty-two pages were a list of all of the documents Plaintiff had compiled (and presumably retained in his cell in a box or boxes) in each of nine cases involving him – eight of the nine appear to be filed by Plaintiff in federal court raising several issues similar or akin to the one being advanced in this case, as well as those issues which have been dismissed by this Court in this lawsuit. This twenty-two page list of materials compiled by Plaintiff also included: (1) a list of seventy-nine "cash slips processed for mail;" (2) his "daily legal journal exceeding 2,000 pages in length; (3) a list of twenty-two "Grievances Filed;" (4) a list of ninety-five "in-cell request to staff forms;" (5) a list of eleven "copies of letters outgoing/incoming;" (6) a list of fifteen "SCI-Retreat grievances;" and (7) a list of sixteen "Forms, Citations etc." In light of the fact that the "confiscation issue" were already discussed and dismissed by this Court, (see doc. nos. 64 and 72), the Court will secondarily deny this Motion.

In conclusion, the Court finds that there is no indication of irreparable harm – *i.e.* that Plaintiff has been unable to prepare for the upcoming mediation and trial of this matter due the confiscation of the materials set forth in doc. no. 87. To the contrary, the Court has been and continues to be well-satisfied that Plaintiff is readying himself for the upcoming legal events in this case.

**So Ordered**, this 14th day of May, 2015.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel
Dwayne L. Rieco
HU-2494
SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233

5