IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

      Plaintiff,　　　　　　　　　14cv0588
　　　　　　　　　　　　　　　　　　**ELECTRONICALLY FILED**
   v.

C/O MORAN,

      Defendant.

**MEMORANDUM ORDER ON DEFENDANT'S MOTIONS *IN LIMINE*
(DOC. NOS. 100, 104, 106, 108, 110)**

Before the Court are five Motions *in Limine* filed by Defendant with respect to this case. Trial begins in this matter on Tuesday, June 16, 2015. Plaintiff, who is *pro se*, filed no Motions *in Limine* on his own behalf, and has not filed Responses to the Defendant's Motions *in Limine*. By asking Plaintiff about each of his witnesses on his witness and exhibit list (doc. no. 83), the Court heard oral argument on Defendant's Motions *in Limine* at the preliminary pretrial conference held on May 28, 2015.

**A.     Case History**

The Court begins by noting that Plaintiff's Complaint claimed violations of his civil rights under 42 U.S.C. § 1983, specifically his Eighth Amendment right to be free from cruel and unusual punishment. Defendant filed a [Partial] Motion to Dismiss (see doc. no. 32) when this matter was pending before United States Magistrate Judge Cynthia Eddy, and she recommended that the Motion be granted. Doc. no. 64. After conducting the requisite *de novo* review of Plaintiff's claims set forth in his Complaint as well as his objections to Magistrate Judge Eddy's Report and Recommendation, this Court, with a few supplementations, adopted her Report and Recommendation and entered an Order granting the [Partial] Motion to Dismiss. Doc. no. 72.

In doing so, only one claim remains to be tried – Plaintiff's claim that on February 15, 2014, he was assaulted by Defendant Moran with a food aperture. This Court has repeatedly identified that issue. See doc. nos. 64, 72, 85, and 89.

Accordingly, Defendant's Motions *in Limine* will be considered with respect to the sole issue that is to be tried in this case – Plaintiff's Section 1983 allegation against the sole remaining Defendant, Officer Moran, regarding an alleged use of excessive force in violation of the Eighth Amendment's proscription against cruel and unusual punishments. As noted immediately above, Plaintiff's claim arises out of an alleged incident which took place on February 15, 2014, when Plaintiff was purportedly assaulted by Defendant with a food aperture.

Plaintiff has the burden of proving that this assault occurred. If he can prove the assault occurred, he must next prove the assault rises to the level of cruel and unusual punishment proscribed by the Eighth Amendment.

**B.    Defendant's Motions *in Limine***

**1.    Defendant's Motion *in Limine* to Preclude Plaintiff from Introducing Grievance # 499722, Grievance # 501291, and Misconducts From 2013-2015 (doc. no. 100)**

Grievance # 499722 was prepared by Plaintiff and provides his version of the event related to the food aperture. However, upon review of this document, it is clear that the document outlines Plaintiff's food tampering and other claims in addition to the incident involving the food aperture. As noted above, all of these other claims have been dismissed; therefore, large portions of this document are not relevant. Moreover, Plaintiff will be present in Court at the time of trial and he may testify about what happened on February 15, 2015 with respect to his interaction with Defendant Moran and the food aperture.

In addition, the Response to Grievance # 499722 was prepared by an individual (Lt. Hintenmeyer) who did not witness the events which took place on February 15, 2014, but who presumably conducted an investigation into the alleged assault. Under the Federal Rules of Evidence, Plaintiff cannot offer the Response to Grievance # 499722 for the truth of the matter asserted therein, as it is hearsay. See F.R.E. 801, 802, 803, 805 and 807. Similarly, Plaintiff cannot obtain testimony from Lt. Hintenmeyer concerning the incident, as Lt. Hintenmeyer did not observe the incident. *Id.* However, Plaintiff may call Lt. Hintenmeyer to verify that Lt. Hintenmeyer did investigate the alleged assault, and to ask him what he concluded occurred, based on his investigation into the alleged assault, but Plaintiff may not challenge the adequacy of the investigation, nor whether it complied with any particular policy or procedure.

The appeal documents related to this Grievance are not relevant to the food aperture issue being adjudicated before a jury. See F.R.E. 401.

Grievance # 501291 pertains to Plaintiff's claims of food tampering. This claim was dismissed before trial. See doc. nos. 64 and 72. Thus, any evidence related to this claim is not relevant to the discreet issue being adjudicated before the jury. See F.R.E. 401.

Finally, Plaintiff's "Misconducts of 2013- 2015" are similarly not relevant to food aperture issue being tried.

The net result of the Court's decisions with respect to Defendant's Motion *in Limine* Preclude Plaintiff from Introducing Grievance # 499722, Grievance # 501291, and Misconducts From 2013-2015 (doc. no. 100), is as follows:

The Court **GRANTS** this **Motion *in Limine* (doc. no. 100)**. Accordingly, Exhibit P2, which contains all documents related to Grievance # 499722, and Exhibit P3, which contains all documents related to Grievance # 501291 shall be removed from the Proposed Joint Exhibit List

(doc. no. 114), without re-numbering the Exhibits. The "Misconducts of 2013- 2015" are also precluded from evidence.[1] However, this ruling does <u>not</u> preclude Plaintiff from calling Lt. Hintenmeyer from testifying as noted above.

### 2. Defendant's Motion *in Limine* to Preclude Plaintiff from Introducing Plaintiff's Exhibits P4 through P6 (doc. no. 104)

This Court notes that the Proposed Joint Exhibit List (doc. no. 114) identifies Exhibit P4 as "Misconduct B 465879"; Exhibit P5 is identified as "Affidavits of Rodriguez"; and Exhibit P-6 is listed as "Requests entered onto the docket."[2] Defendant's counsel, who prepared this Joint Exhibit List indicates in this Motion *in Limine* that P4, P5, and P6 should be excluded from evidence. The Court agrees.

Misconduct B 465879, Exhibit no. P4, is excluded because it is not relevant to the issue before the Court and jury. See F.R.E. 401. Although Misconduct B 465879 pertains to the February 15, 2014 incident, it is a misconduct report filed against Plaintiff for threatening an officer.

Herbierto Rodriguez will be providing testimony during the trial of this matter. See doc. no. 86, Writ of *Habeas Corpus ad Testificandum* Issued as to Heriberto Rodriguez for Jury Trial beginning June 16, 2015. He will attend the jury trial via video conference so the jury may hear and see him as he testifies from SCI Frackville, Pennsylvania. Accordingly, his Affidavits –

---

[1] The Court notes for the Record that Plaintiff filed his Witness List and Exhibit List at doc. no. 83. Plaintiff requested in II (3) that Grievance # 499722, Grievance # 501291, and "Misconducts of 2013-2015" were to be included as Exhibits. By granting this Motion *in Limine* (doc. no. 100), those requested Exhibits will not be permitted to be introduced at time of trial for the reasons set forth herein. Plaintiff also listed Lt. Hintenmeyer as a witness in connection with Grievance # 499722. See doc. no. 83, I (2). Although the document itself is excluded from evidence, Lt. Hintenmeyer will be permitted to testify as noted above.

[2] The Court notes for the Record that Plaintiff's Witness List and Exhibit List (doc. no. 83) identifies "affidavits of Herbierto Rodriguez[,]" and "Requests to . . . Already Entered to the Docket," at II (4) and II (5), respectively.

Exhibit no. P5 on Proposed Joint Exhibit List – would be duplicative or cumulative of his testimony and constitute hearsay.  See F.R.E. 403 and 802.

Finally, Plaintiff's "requests to Lt. Lickenfelt, Lt. Berry, CO II Roberson, CO IV Jones, already entered to the docket," pertains to Plaintiff's requests that he made to these individuals.  These requests are not relevant to the issue before the Court and jury.  See F.R.E. 401.

The Court **GRANTS** this **Motion *in Limine* (doc. no. 104)**.  Accordingly, Exhibits P4, P5, and P6 shall be removed from the Proposed Joint Exhibit List (doc. no. 114), without re-numbering the Exhibits, and the Plaintiff is precluded from offering these items as Exhibits.

### 3. Defendant's Motion *in Limine* to Preclude Plaintiff from Introducing the Investigative Reports (doc. no. 106)

Plaintiff indicated that he wants to present the testimony of CO III Farley based on his (Farley's) report "on CO I Smith stating that Defendant CO I Moran closed [an] aperture on Plaintiff's arms on 2-15-14."  See doc. no. 83, at I (4).  Plaintiff also indicated that he wanted to present, as an Exhibit, "Attachments of OSII Investigation by Defendant Lickenfelt in its complete contents[,] Attachments 1-19, and DC-ADM 201 Policy."  See doc. no. 83, at II (1).

Defendant's Motion *in Limine* (doc. no. 106) seeks to preclude Plaintiff from introducing the investigative report(s) which form the basis of Officer Farley's testimony, thereby excluding this testimony from Plaintiff's perspective.  This Motion further seeks to preclude Plaintiff from introducing the attachments of an OSII Investigation conducted by Defendant Lickenfelt, thereby excluding the Exhibit listed on Plaintiff's exhibit list at doc. no. 83, II (1).

Defendant contends that the "focus of the investigations" relates to whether an officer has adhered to, or violated, a prison policy or procedure.  Defendant also argues that "[t]hese investigations have nothing to do with the Eighth Amendment" pertaining to cruel and unusual punishment.  Defendant contends that even if the investigations had something to do with the

5

Eighth Amendment, the individuals who author the opinions in the reports are not competent to proffer Constitutional opinions. In addition, Defendant notes that any violation of a policy or procedure does not necessary equate a violation of the Eighth Amendment. Finally, Defendant argues that the Court should preclude Plaintiff from introducing the investigative reports, because they are likely to confuse the jury by suggesting that report indicating an officer violated a prison policy or procedure is the equivalent of an officer violating a person's Eighth Amendment rights.

The Court will **GRANT** this **Motion *in Limine* (doc. no. 106)**. In doing so, the Court notes that in *Hudson v. McMillian*, 112 S.Ct. 995, 1001 (1992), the Supreme Court of the United States decided a similar issue. The Supreme Court did not take a position but cited the following cases for their respective positons: *Johnson v. Glick*, 421 F.2d 1028, 1032 (2d Cir. 1973) ("[A]lthough a spontaneous attack by a guard is 'cruel' and, we hope, 'unusual,' it does not fit any ordinary concept of 'punishment' "); *George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980) ("[A] single, unauthorized assault by a guard does not constitute cruel and unusual punishment . . ."); and *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir. 1985) ("If a guard decided to supplement a prisoner's official punishment by beating him, this would be punishment . . ."), *cert. denied*, 479 U.S. 816 (1986).

The United States Court of Appeals for the Third Circuit has provided this Court with guidance in excessive force cases where a person has claimed a violation of his or her Eighth Amendment rights. The Court of Appeals for Third Circuit held:

> In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of

6

the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (citations omitted).

*Brooks v. Klyer*, 204 F.3d 102, 106 (3d Cir. 2000).

Based on Plaintiff's comments during the pretrial conference, held on May 28, 2015, Plaintiff explained that he did not want to call Lt. Lickenfelt as a witness. In fact, the Court noted that Plaintiff did not list Lt. Lickenfelt on his witness list; but rather, Plaintiff wanted documents associated with Lt. Lickenfelt because Plaintiff had sought to have OSII appoint a new investigator – or merely get someone to investigate – the alleged February 15, 2014 assault claim. See doc. no. 83.

Accordingly, the Court **GRANTS** this **Motion *in Limine* (doc. no. 106)**, by excluding the Investigative Reports. The Court also **GRANTS** this **Motion *in Limine* (doc. no. 106)** insofar as Plaintiff wanted to use policy (DC-ADM 201) as proof that any officer violated his Eighth Amendment rights. Accordingly, Exhibits P1 and P11 shall be removed from the Proposed Joint Exhibit List (doc. no. 114), without re-numbering the Exhibits, and the Plaintiff is precluded from offering these items as Exhibits.

### 4. Defendant's Motion *in Limine* to Preclude Plaintiff from calling Nurse Lori on Irrelevant Matters (doc. no. 108)

Defendant next requests that Plaintiff be limited in his questioning of Nurse Lori to the injuries he presented to her. Plaintiff's offer of proof indicated that he would be calling her to testify for additional reasons. See doc. no. 83, at I (5). The Court **GRANTS** this **Motion *in Limine* (doc. no. 108)** finding that Nurse Lori's testimony should be limited to a discussion of Plaintiff's injuries.

### 5. Defendant's Motion *in Limine* to Preclude Plaintiff from calling CHCA Woods (doc. no. 110)

Defendant argues that Plaintiff be precluded from calling CHCA Stephanie Woods to testify. Plaintiff indicated in his offer of proof that he was calling CHCA Woods to testify because she "has all records of DC-241 reports and . . . to show medical was never provided by DC-ADM 001 or 004."

As noted by his Court, this case is strictly limited to the food aperture incident of February 15, 2014 and thus, whether CHCA Woods provided medical personnel with any prison policies is not relevant to this discreet matter. Accordingly, the Court **GRANTS** this **Motion in Limine (doc. no. 110).** The Court also precludes Plaintiff from offering DC-ADM 001, 004, and 241 as these policies are not relevant to the issue being tried. Exhibit P-12 shall be removed from the Proposed Joint Exhibit List (doc. no. 114), without re-numbering the Exhibits.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel

DWAYNE L. RIECO
HU-2494
SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233